IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02611-ZLW

LYNN EUGENE SCOTT,

    Plaintiff,

v.

JANE DOE, Parole Board Member, Colorado State Parole Board, and
MR. URLICH [sic], Case Manager,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 26 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Lynn Eugene Scott, filed *pro se* on February 13, 2008, a motion titled "Rule 60 Motion" asking the Court to reconsider and vacate the Order of Dismissal and Judgment filed in this action on January 21, 2009. The Court must construe the motion for reconsideration liberally because Mr. Scott is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243. Mr. Scott's motion to reconsider in this action, which was filed more than ten days after

the Order of Dismissal and Judgment, will be considered pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See* ***Massengale v. Oklahoma Bd. of Examiners in Optometry***, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed this action without prejudice for Mr. Scott's failure, within the time allowed, to cure the designated deficiency and for his failure to prosecute. Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Scott fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion titled "Rule 60 Motion" that Plaintiff, Lynn Eugene Scott, filed *pro se* on February 13, 2009, and which the Court has construed liberally as a Fed. R. Civ. P. 60(b) motion, is denied. It is

FURTHER ORDERED that the amended complaint and the inmate trust fund account statement that Plaintiff also filed on February 13, 2009, will not be addressed.

DATED at Denver, Colorado, this 26 day of Feb. , 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-2611-ZLW

Lynn E. Scott
Prisoner No. 60760
Buena Vista Corr. Facility
PO Box 2017
East Unit
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 2/26/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk